IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY CARTER, | |
| Plaintiff, | |
| vs. | No. 04-2906-Ma/V |
| ALLSTATE INSURANCE CO., | |
| Defendant. | |

ORDER TO SHOW CAUSE

Plaintiff Mary Carter, through counsel, filed a civil action against the Allstate Insurance Company in the Shelby County Circuit Court on October 6, 2004. On November 9, 2004, the defendant removed the action to federal court and filed an answer to the complaint and a counter-complaint against the plaintiff.[1] Plaintiff's attorney filed a motion for leave to withdraw from the representation on March 4, 2005. The Court denied the motion without prejudice on March 8, 2005 due to counsel's failure to comply with applicable local rules. Plaintiff's counsel filed an amended motion for leave to withdraw on March 24, 2005, and Magistrate Judge Diane K. Vescovo granted the motion on March 30, 2005. On June 27, 2005, defendant filed a motion for summary judgment dismissing the plaintiff's complaint as barred by the insurance policy's one-year

---

[1] To date, the plaintiff has not answered the counter-complaint.

contractual limitations period. The plaintiff has not responded to this motion, and the time for a response has expired.

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court has explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citation omitted).

Under Fed. R. Civ. P. 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).²

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"); Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (footnote omitted). The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require

---

² Rule 56(e) sets forth in detail the evidentiary requirements applicable to a summary judgment motion:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to all the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

3

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Moreover, Fed. R. Civ. P. 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000); see also Good v. Ohio Edison Co., 149 F.3d 413, 422 (6th Cir. 1998); Plott v. General Motors Corp., 71 F.3d 1190, 1196-97 (6th Cir. 1995). Moreover, the Sixth Circuit recently held that, unless the nonmoving party files a Rule 56(f) affidavit, a district court cannot decline to consider the merits of a summary judgment motion on the ground that it is premature. Wallin v. Norman, 317 F.3d 558, 564 (6th Cir. 2003).

The plaintiff is ORDERED to show cause, within thirty (30) days of the date of entry of this order, to show cause why the defendant's motion for summary judgment should not be granted. The plaintiff is advised that, in order to defeat the defendant's motion, she must submit any evidence she has demonstrating that there is a genuine issue for trial. To the extent the plaintiff desires to file a factual statement, it must be made under penalty

4

of perjury, as required by 28 U.S.C. § 1746. The plaintiff shall serve a copy of any document submitted to the Court on the attorney for the defendant, as required by Fed. R. Civ. P. 5(a), and shall file a certificate of service, pursuant to Fed. R. Civ. P. 5(d).

IT IS SO ORDERED this __2d__ day of December, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 2:04-CV-02906 was distributed by fax, mail, or direct printing on December 14, 2005 to the parties listed.

---

David M. Waldrop
HOLLEY WALDROP NEARN & LAZAROV
9032 Stone Walk Place
Germantown, TN 38138

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

David M. Waldrop
HOLLEY WALDROP NEARN & LAZAROV
9032 Stone Walk Place
Germantown, TN 38138

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT